IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LISA WILLYARD, individually
and TONY WILLYARD, minor child
by and through his Next Friend, Lisa Willyard,

    Plaintiffs,

v.

WAL-MART STORES, Inc.,

    Defendant.                                            Case No. 08-cv-492-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

## I. INTRODUCTION

Before the Court is Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (Doc. 3), which has been fully briefed by the Parties. However, upon review of both the Notice of Removal (Doc. 2) and the allegations of the Complaint (Doc. 2, Ex. A), the Court finds that it must raise the issue, *sua sponte*, of whether it has subject matter jurisdiction over this case. ***See Wisconsin Knife Works v. National Metal Crafters,*** **781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.");** ***McCready v. White,*** **417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.").**

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**.

## II.  DISCUSSION

**A.   Removal Based Upon Diversity Jurisdiction**

Defendants removed this case on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune***

*Entertainment Co.*, **106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.

The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted)**. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable. ***St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)**. When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded. ***Id.* at 291-92**. "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. ***Barbers, Hairstyling for Men &***

*Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997) (citing *St. Paul Mercury*, 303 U.S. at 289). If the Plaintiff's prayers for relief do not specify a monetary amount, "the [C]ourt may look outside the pleadings to other evidence of jurisdictional amount in the record." *Chase*, 110 F.3d at 427 (internal citations omitted). Yet, the Court must only analyze "evidence of amount in controversy that was available at the moment the petition for removal was filed." *Id.* (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). The evidence shown to be available at the time of removal must prove to a reasonable probability that the jurisdictional amount was met. *Id.*

In determining whether the jurisdictional threshold amount has been met, pursuant to § 1332, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." *Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)). Refusing to stipulate that the damages sought were $75,000 or less at the time of removal creates the inference that a plaintiff believes her claim(s) could be worth more. *Workman v. United Parcel Service, Inc.*, 243 F.3d 998, 1000 (7th Cir. 2000). If little information is provided as to the value of a plaintiff's claims from the onset, a court can find, at times, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v.*

*Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)).

B.   **Analysis**

In this case, the Court notes pleading deficiencies in showing both that diversity of citizenship and amount in controversy exist to meet the requirements of § 1332. First, in Defendant's Notice of Removal, it merely states that Plaintiffs are "residents of the State of Missouri" (Doc. 2, ¶ 5). Asserting a party's residency as opposed to *citizenship* is a fatal error to diversity jurisdiction. What is more problematic, however, is the issue of whether the allegations show that the amount in controversy has been met.

Defendant argues that the amount in controversy requirement is met for three reasons. First, the language in Plaintiff's Complaint that describes Plaintiff's injuries suggests that damages could exceed $75,000 (Doc. 2, ¶ 8). Second, a physician who treated the Plaintiff concluded that Plaintiff had permanent pain as a result of the accident (Doc. 2, ¶ 10). Third, counsel for Plaintiff refused to stipulate that he would not seek to enforce a judgment against Defendant in excess of $75,000 (Doc. 2, ¶ 11).

First, all that can be reliably gleaned from Plaintiff's Complaint is that Plaintiff's counsel believes the total damages exceeds $50,000 (Doc. 2, Ex. B). While Plaintiff's Complaint describes Plaintiff's injuries as "severe" and "permanent," the Court will not read such adjectives, without other supporting evidence, as sufficient to establish to a reasonable probability that the amount in controversy exceeds

$75,000 (Doc. 2, Ex. A, ¶ 12).

Second, Plaintiff's physician concluded that Plaintiff did *not* suffer a labral tear as a result of the accident (Doc. 2, Ex. C).  In addition, the physician noted that despite the injury, Plaintiff maintains nearly full range of motion in his injured shoulder (Doc. 2, Ex. C).  Defendant's assertion that Plaintiff has some degree of permanent pain appears to be based on Plaintiff's statements to his physician that he still has "aches and pains" (Doc. 2, Ex. C).  The Court finds that this evidence also does not establish to a reasonable probability that the amount in controversy exceeds $75,000.

Finally, Defendant's allegation that during a consultation, Plaintiff's counsel refused to stipulate that he would not seek to enforce a judgment in excess of $75,000, is not sufficient to establish the amount in controversy in light of the dearth of other supporting evidence  (Doc. 2, ¶ 11).  It is true that a plaintiff may avoid removal to federal court by filing a stipulation with the complaint disclaiming damages in excess of $75,000, and failure to file a stipulation creates an inference that "he *thinks* that his claim *may* be worth more." **Workman, 234 F.3d at 1000 (emphasis added)**.  But the Seventh Circuit has never held that the inference is dispositive. **See, e.g., Oshana, 472 F.3d at 512 (noting that a refusal to stipulate merely "worked against" a plaintiff seeking remand).**  Indeed, allowing an inference about what a plaintiff *thinks* his claim *may* be worth to dispose of the amount in controversy requirement would be inconsistent with the Court's

independent duty to police its own jurisdiction and a removing defendant's burden of proof to show subject matter jurisdiction exists. ***See Kreuger*, 996 F.2d at 930-31**. Furthermore, in other Seventh Circuit cases that have used the inference to support a finding of sufficient amount in controversy, the refusal to stipulate was part of the record at the time of removal. ***See, e.g., Oshana,* 472 F.3d at 512 (plaintiff refused to stipulate in response to requests for admission specifically seeking waiver of damages in excess of $75,000).** By contrast, the Defendant in this case simply alleges in its Notice of Removal that Plaintiff would not stipulate when Defendant "consulted with counsel for plaintiff" (Doc. 2, ¶ 11). The Court can find nothing in the record independently demonstrating Plaintiff's unwillingness to stipulate that the amount in controversy is below $75,000.

Having reviewed the pleadings and the record, the Court finds Defendant has failed to carry its burden of establishing diversity jurisdiction because the amount in controversy requirement is not "supported by a preponderance of the evidence." ***Oshana,* 472 F.3d at 511**. As a result, the Court cannot conclude "to a reasonable probability that jurisdiction exists." ***Chase,* 110 F.3d at 427**.

### III.  CONCLUSION

For the reasons discussed herein, because the Court finds that the requirements to plead diversity jurisdiction have not been met, it does not have proper subject matter jurisdiction over this case. Thus, the Court is obligated to remand this case back to state court, pursuant to **28 U.S.C. § 1447(c)**. Along these

lines, consequently, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.  Therefore, Defendant's Motion to Dismiss (Doc. 3) remains pending, to be decided in state court, along with any other pending motions on the docket.  Accordingly, the Court hereby **REMANDS** this case back to the Circuit Court of St. Clair County, Illinois

**IT IS SO ORDERED.**

Signed this 6th day of February, 2009.

/s/    David R Herndon
**Chief Judge**
**United States District Court**